# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LLOYD ADKINS,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0560**  (BOR Appeal No. 2048608)
(Claim No. 970050362)

**SWVA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lloyd Adkins, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2014, in which the Board reversed a July 19, 2013, Order of the Workers' Compensation Office of Judges, and reinstated the February 1, 2012, claims administrator's decision. In its Order, the Office of Judges reversed the claims administrator's February 1, 2012, decision denying authorization for the medications Arthrotec and Lyrica, and the Office of Judges authorized the requested medications. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 27, 1997, Mr. Adkins filed a claim for bilateral carpal tunnel syndrome, and the claim was subsequently held compensable. Mr. Adkins later sought treatment with Glen Imlay, M.D., who noted on January 20, 2011, that Mr. Adkins's active diagnoses are bursitis, carpal tunnel syndrome, causalgia of the upper extremity, chronic colitis, chronic pain, diabetes mellitus, edema, essential hypertension, osteoarthritis, osteoarthritis of the knee, and shoulder impingement. On January 16, 2012, Dr. Imlay re-evaluated Mr. Adkins's upper extremities and

1

noted that Mr. Adkins carried the same diagnoses as in 2011. Dr. Imlay prescribed the medications Arthrotec and Lyrica.

On July 13, 2011, Marsha Lee Bailey, M.D., performed a records review. She opined that Mr. Adkins's obesity, diabetes, and arthritis could be responsible for Mr. Adkins's ongoing upper extremity complaints. Further, she opined that if Mr. Adkins's carpal tunnel syndrome was solely work-related, it would be expected that his symptoms would have resolved because he has not worked in over fourteen years. Finally, she opined that Mr. Adkins's residual symptoms are likely unrelated to his former occupation or compensable carpal tunnel syndrome and recommended denying authorization for the requested medications.

On February 1, 2012, the claims administrator denied Mr. Adkins's request for authorization of the medications Arthrotec and Lyrica. On July 19, 2013, the Office of Judges reversed the February 1, 2012, claims administrator's decision and held that the medications Arthrotec and Lyrica constitute reasonable medical treatment secondary to Mr. Adkins's compensable carpal tunnel syndrome. On January 23, 2014, the Board of Review reversed the Office of Judges' Order and reinstated the February 1, 2012, claims administrator's decision. On appeal, Mr. Adkins requests authorization for the medications Arthrotec and Lyrica.

In its Order reversing the claims administrator's decision, the Office of Judges afforded Dr. Bailey's records review less evidentiary weight after noting that Dr. Imlay, who prescribed the medications currently at issue, has a substantial treatment history with Mr. Adkins. In its Order reversing the Office of Judges' decision, the Board of Review took note of Dr. Bailey's records review[1] and determined that the preponderance of the evidence demonstrates that the medications Arthrotec and Lyrica are not medically necessary and reasonably required for the treatment of Mr. Adkins's claim for bilateral carpal tunnel syndrome filed in 1997.

This Court notes that in its analysis, the Office of Judges misstated one of the conclusions expressed in Dr. Bailey's report. The Office of Judges stated that Dr. Bailey "mistakenly opines that the claimant's current symptoms must be 'solely' the result of the injury before Dr. Imlay's medication request can be deemed secondary to the compensable injury." However, Dr. Bailey did not express this specific opinion. The Office of Judges relied in part on this misrepresentation as justification for its reversal of the claims administrator's decision. Further, Dr. Imlay's treatment notes, on which the Office of Judges relied, do not directly connect the requested medications to the treatment of Mr. Adkins's compensable carpal tunnel syndrome, as Dr. Imlay is treating Mr. Adkins for numerous non-compensable conditions, including osteoarthritis, in addition to the compensable carpal tunnel syndrome. We agree with the Board of Review's conclusion that the preponderance of the evidence demonstrates that the medications Arthrotec and Lyrica are not medically necessary and reasonably required for the treatment of Mr. Adkins's compensable carpal tunnel syndrome.

---

[1] This Court notes that the Board of Review incorrectly refers to Dr. Bailey as Victoria Langa, M.D. The record clearly shows that it was Dr. Bailey, not Dr. Langa, who performed a records review on July 13, 2011. Further, the record does not contain any evidence indicating that Dr. Langa was in any way involved in the evaluation of the instant claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II